IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JAMES NEFF )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>FLATLANDS TRANSPORTATION, INC. )<br>)<br>        Defendant )<br>_____ ) | Case: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now the Plaintiff, JAMES NEFF, by and through his counsel of record, and for his Complaint against Flatlands Transportation, Inc., states and alleges as follows:

### PRELIMINARY STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, JAMES NEFF, who has been affected by illegal employment practices as set forth below, seeking permanent relief from unlawful employment practices related to disability accommodation, retaliation, workers compensation retaliation, and unpaid compensation during his employment with Defendant, Flatlands Transportation, Inc. The intentional practices committed by the Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 on the basis of discrimination and retaliation. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA") and the Kansas Wage Payment Act, KSA 44-316 and 44-319 *et seq* ("KWPA"), on the basis of impermissible deductions, failing to pay overtime, and failing to pay for time worked by the Plaintiff. Defendant's retaliatory conduct under the FLSA and KWPA, relates to the Plaintiff's termination and failing to

1

address Plaintiff's wage complaints. Defendant's conduct related to Plaintiff's work injury, under the Kansas Worker's Compensation Act, involved interference with such claim and retaliatory discharge upon Plaintiff pursuing a worker's compensation claim. With the above, Plaintiff seeks equitable relief, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which Plaintiff is entitled.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

   a. On or about April 4, 2020, Plaintiff filed a charge of employment discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") with charge 563-2020-01688.

   b. On or about September 23, 2020, the EEOC mailed a right to sue letter for charge 563-2020-01688.

   c. This original complaint is filed within 90 days of the receipt of that EEOC right to sue letter.

   d. Plaintiff has exhausted his administrative remedies.

4. This Court also has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331 and 29 USC §216(b).

5. Venue is proper in this Court under 28 USC §1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

6. Plaintiff, JAMES NEFF, is a resident of Butler County, Kansas.

7. Defendant, Flatlands Transportation, Inc. (also referred herein as "Flatlands"), is a Kansas for-profit corporation organized and existing under the laws of the State of Kansas. Defendant may be served with process upon its resident agent, Flatlands Transportation, Inc., 3151 N. Den Hollow, Wichita, KS 67205.

## FACTS

8. Plaintiff was employed with the Flatlands at all times material herein between July 2018 until June 2019.

9. Plaintiff worked for Flatlands in the delivery of parcels.

10. Between December 2018 through January 2019, Flatlands paid Plaintiff wages of $135 per day.

11. From February 2019 until Plaintiff's termination, Flatlands paid Plaintiff wages of $140 per day.

12. In December 2018 and throughout 2019, Flatlands made deductions described as Loan Repayment from Plaintiff's weekly compensation.

13. Each weekly deductions Flatlands identified as Loan Repayment were in the amount of fifty (50) dollars.

14. Plaintiff did not provide a written authorization for any deductions, other than those permitted to pay for insurance and tax withholdings.

15. Plaintiff did not supply any authorization for impermissible Loan Repayment deductions to be taken from Plaintiff's wages.

16. After Plaintiff repaid money loaned by Flatlands, Flatlands continued making deductions from Plaintiff's wages which Flatlands identified as Loan Repayment.

17. In February, Plaintiff complained to Flatlands about unauthorized deductions from his pay.

18. In May 2019, Plaintiff complained to Flatlands' manager about the unauthorized deductions from his pay.

19. During these complaints, Flatlands refused to address the unauthorized deductions from Plaintiff's pay.

20. After Plaintiff's termination, Plaintiff continued to complain to Flatlands' manager and Flatlands' owner about unauthorized deductions from his pay.

21. In May 2019, Plaintiff sustained an injury from a work accident involving an automobile.

22. Flatlands did not allow Plaintiff to immediately file a worker's compensation claim.

23. Flatlands delayed allowing Plaintiff to file a worker's compensation claim until only when Plaintiff was to be on extended leave.

24. The work accident caused health impairments to Plaintiff's neck and shoulders.

25. The neck and shoulder health impairments made it difficult for Plaintiff to perform some of Plaintiff's daily life activities.

26. Plaintiff's health impairments were a disability.

27. Flatlands regarded Plaintiff's neck and shoulder health impairments as a disability.

28. On or about May 22, 2019, Plaintiff requested an accommodation from Flatlands' manager related to his health impairments and disability.

29. On or about May 24, 2019, Plaintiff requested an accommodation from Flatlands' manager related to his health impairments and disability.

30. Flatlands was aware of Plaintiff's health impairments and disability affecting Plaintiff's work.

31. On May 31, 2019, Flatlands supplied an accommodation of light duty work in regard to Plaintiff's health impairment and disability.

32. In June 2019, Flatlands did not pay Plaintiff for one or two days worked by Plaintiff.

33. On June 3, 2019, Plaintiff supplied his manager with copies of doctor's notes related to Plaintiff's disability.

34. On June 3, 2019, Flatland's manager informed Plaintiff that if Plaintiff could not drive, then Plaintiff would be put on extended leave.

35. On June 3, 2019, Flatlands' manager placed Plaintiff on leave.

36. During the week of June 10, 2019, Flatlands was aware of Plaintiff's leave related to his health impairment and disability.

37. During the week of June 10, 2019, Flatlands was aware of Plaintiff's work-related injury.

38. On June 18, 2019, while Plaintiff was at work, Plaintiff supplied his manager with copies of doctor's notes on Plaintiff's health impairment.

39. On June 18, 2019, Flatlands terminated Plaintiff.

40. During Plaintiff's employment, Flatlands was aware of Plaintiff's medical condition.

41. During Plaintiff's employment, Flatlands was aware of Plaintiff's disability, a health impairment affecting Plaintiff's work.

42. Flatlands did not engage in an interactive process with Plaintiff on any disability related to the Plaintiff and Plaintiff's job.

43. Flatlands never requested any information as to the extent of Plaintiff's disability.

44. During 2019, Flatlands supplied an accommodation for other employees, who did not have a disability, to perform their job.

45. Flatlands did not speak to the Plaintiff about any accommodation that could be made for Plaintiff's disability in order to perform any job with Flatlands.

46. Flatlands refused to grant Plaintiff a reasonable accommodation in any job at Flatlands.

47. Flatlands refused to return Plaintiff to his employment after Plaintiff complained about Flatlands conduct towards Plaintiff's impairments.

## COUNT 1 - AMERICANS WITH DISABILITIES ACT DISCRIMINATION AND RETALIATION

48. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

49. Plaintiff is a qualified individual with a disability.

50. Plaintiff's health impairment to his neck and shoulder affect one or more of Plaintiff's major life activities.

51. Defendant regarded Plaintiff as having a health impairment to his neck and shoulder as a disability and also regarded this health impairment as affecting Plaintiff's work.

52. Defendant knew of Plaintiff's disability related to Plaintiff's neck and shoulder.

53. Plaintiff's physician identified Plaintiff could return to work and perform the essential functions of the job with or without a reasonable accommodation.

54. Plaintiff was able to perform the essential functions of his job with or without an accommodation.

55. Defendant terminated Plaintiff for being on leave related to the disability.

56. Defendant terminated Plaintiff when Plaintiff supplied the Defendant with doctor's notes on his disability.

57. Defendant discriminated against the Plaintiff by failing to engage in an adequate good faith interactive process with the Plaintiff to address Plaintiff's disability and job accommodation in the Plaintiff's employment.

58. Defendant discriminated against the Plaintiff by failing to make a reasonable accommodation for Plaintiff's disability that would allow the Plaintiff to perform the essential functions of his job.

59. Because of Plaintiff's health impairment, Defendant discriminated and retaliated against the Plaintiff by not allowing Plaintiff to work with or without an accommodation.

60. Defendant discriminated against the Plaintiff by terminating Plaintiff for conditions related to Plaintiff's disability.

61. Defendant retaliated against Plaintiff's disability when Defendant terminated Plaintiff for being on leave for Plaintiff's disability.

62. Defendant retaliated against the Plaintiff by not returning Plaintiff to his employment after Plaintiff complained about the discriminatory conduct.

63. Defendant's stated reason for not returning Plaintiff to work was pretext for refusal to accommodate under the ADA, for ADA discrimination, and for ADA retaliation.

64. Plaintiff has been damaged by Defendant's illegal employment conduct under the ADA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, compensatory damages, attorney's fees, punitive damages, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 2 – WORKER'S COMPENSATION RETALIATION

65. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

66. At all times related to Plaintiff's claims, Defendant was an "employer" within the meaning of the Kansas Workers Compensation Act.

67. At all times related to Plaintiff's claims, Defendant was subject to the Kansas Workers Compensation Act.

68. In May 2019, Plaintiff sustained an injury in a work-related accident.

69. With the work-related accident in May 2019, Plaintiff was eligible to file a claim for workers compensation benefits.

70. After the work-related accident, Flatlands did not allow Plaintiff to immediately file a claim for workers compensation.

71. Defendant delayed the Plaintiff's filing of a claim for workers compensation.

72. On June 3, 2019, after Plaintiff's complaint of health impairments from the work accident, Defendant's manager stated Plaintiff would be permitted to file a worker's compensation claim if Plaintiff were to be placed on extended leave.

73. In June 2019, Defendant was aware of Plaintiff pursuing a worker compensation claim related to the work injury in May.

74. Defendant listed Plaintiff's work injury on the weekly schedule of June 11, 2019.

75. On June 18, 2019, Plaintiff supplied Defendant's manger with information related to the health impairments from the work injury.

76. Defendant terminated Plaintiff on June 18, 2019, when Plaintiff returned to work.

77. Defendant interfered with Plaintiff's rights to file a worker's compensation claim.

78. Defendant refused to address Plaintiff's work injury.

79. Defendant's termination of Plaintiff related to Plaintiff being out on permitted leave which involved the work injury.

80. Defendant's adverse action of terminating the Plaintiff's employment was in retaliation of Plaintiff's work injury and Plaintiff pursuing a worker's compensation claim.

81. Defendant retaliated against Plaintiff by not responding to Plaintiff's wage disputes because Plaintiff was pursuing a worker's compensation claim.

82. Defendant's motivation for interfering with the Plaintiff's pursuit of workers compensation benefits was in part to retaliate against Plaintiff from filing a worker's compensation claim.

83. Defendant's actions violated the Kansas Workers Compensation Act and were made willfully and with malice or reckless indifference to Plaintiff's protected rights.

84. Plaintiff has been damaged by Defendant's illegal employment conduct under the Kansas Workers Compensation Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, liquidated damages, attorney's fees, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 3 – VIOLATION OF FLSA and KWPA

85. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

86. At all times herein, Defendant was an "employer" with the meaning of the Department of Labor, the FLSA, and KWPA.

87. Throughout Plaintiff's employment with Defendant, the Defendant regularly had more than $500,000 per year in gross receipts.

88. Plaintiff regularly worked more than 40 hours each week.

89. Plaintiff frequently worked at least 50 to 60 hours each week.

90. Defendant did not pay Plaintiff any overtime.

91. In December 2018 and throughout 2019, Defendant made unauthorized deductions in the amount of fifty (50) dollars from Plaintiff's weekly pay.

92. In June 2019, Defendant made other unauthorized deductions of a separate amount from Plaintiff's pay.

93. The unauthorized deductions are impermissible under the FLSA.

94. The unauthorized deductions are impermissible under the KWPA.

95. Although Plaintiff was paid a salary, Plaintiff was entitled to payment for any overtime during the period of the impermissible deductions taken from Plaintiff's pay.

96. The unauthorized impermissible deductions from Plaintiff's wages violated the FLSA and the Kansas Wage Payment Act.

97. Plaintiff was entitled to wages for any work which benefited Defendant.

98. Defendant failed to pay Plaintiff wages for work Plaintiff performed on specific day(s) in June 2019.

99. During Plaintiff's employment, Defendant was required to follow the FLSA and KWPA on overtime compensation.

100. As to overtime, Plaintiff was not exempt from overtime pay when Defendant made unauthorized impermissible deductions from Plaintiff's wages.

101. Defendant violated the FLSA and KWPA by failing to pay Plaintiff overtime compensation.

102. Defendant violated the FLSA and KWPA by failing to pay Plaintiff wages for time worked.

103. Defendant violated the FLSA and KWPA by making unauthorized impermissible deductions from Plaintiff's pay.

104. Because of Defendant's knowledge of requirements under the FLSA, Defendant's violation of FLSA was willful.

105. Plaintiff has been damaged by Defendant's illegal employment conduct under the FLSA and KWPA.

106. WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, for damages/penalty permitted under the KWPA, for damages under the FLSA, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment

and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

## COUNT 4 - RETALIATION UNDER FLSA AND KWPA

107. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

108. Plaintiff complained to Defendant about the unauthorized deductions from his wages.

109. Defendant ignored Plaintiff's complaints about unauthorized deductions from his wages.

110. Plaintiff complained to Defendant about day(s) Plaintiff was not paid which he worked for Defendant.

111. Defendant terminated Plaintiff within a month after Plaintiff's complaint about unauthorized deductions and unpaid work time.

112. After Plaintiff's termination, Plaintiff again complained to Defendant about the unauthorized deduction and unpaid work time but Defendant refused to address the wage complaint.

WHEREFORE, Plaintiff prays for judgment against the Defendant for unpaid compensation, damages, liquidated damages, penalties, attorney's fees, expenses, Pre-Judgment and Post-Judgment as provided by law, and all other relief at law and equity to which he is entitled.

Respectfully submitted,

By: /s/Trinidad Galdean             .
Trinidad Galdean #22973

GALDEAN, LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com
*Attorney for Plaintiff*

## JURY DEMAND

COMES NOW, the Plaintiff and request a jury in this cause of action.

Respectfully submitted,

By: /s/Trinidad Galdean             .
Trinidad Galdean #22973
Galdean, LLC
*Attorney for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, the Plaintiff and designates Wichita, Kansas as the place of the trial for this action.

Respectfully submitted,

By: /s/Trinidad Galdean             .
Trinidad Galdean #22973
Galdean LLC

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and e-mailed the document to the Attorney for Defendant that confirmed to accept service for the Defendant at the following:

Daniel Giroux
Dugan & Giroux Law
3636 N. Ridge Rd., Suite 100
Wichita, KS 67205
dan@dgwichitalaw.com

                                                By:   /s/Trinidad Galdean          .
                                                       Trinidad Galdean #22973

                                                       GALDEAN, LLC
                                                       PO Box 780076
                                                       Wichita, KS 67278
                                                       (316) 252-1232 Phone
                                                       (316) 462-0987 Fax
                                                       trinidad@galdean.com

                                                       *Attorney for Plaintiff*